STEVEN T. GUBNER - Bar No. 156593
RICHARD D. BURSTEIN - Bar No. 56661
TALIN KESHISHIAN - Bar No. 201830
BRUTZKUS GUBNER
21650 Oxnard Street, Suite 500
Woodland Hills, CA 91367
Telephone: (818) 827-9000
Facsimile: (818) 827-9099
Emails:   rburstein@bg.law
          tkeshishian@bg.law

Attorneys for David Seror, Chapter 7 Trustee

**UNITED STATES BANKRUPTCY COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SAN FERNANDO VALLEY DIVISION**

| | |
|---|---|
| In re<br><br>AKHOIAN ENTERPRISES, INC. dba MR. ROOTER PLUMBING,<br><br>Debtor. | Case No. 1:17-bk-10017-MT<br><br>Chapter 7<br><br>Adv. Case No. |
| AKHOIAN ENTERPRISES, INC. dba MR. ROOTER PLUMBING, a California corporation; JOHN AKHOIAN, an individual; and TAMAR AKHOIAN, an individual,<br><br>Plaintiffs,<br><br>vs.<br><br>FIRST-CITIZENS BANK & TRUST COMPANY, a North Carolina corporation; KI, LLC, a California limited liability company; KRAVITZ, LLC, a Delaware limited liability company; LOUIS KRAVITZ & ASSOCIATES, INC., a California corporation; KRAVITZ, INC., a California corporation; ASCENSUS, INC., a Delaware corporation; and DOES 1 through 20, inclusive,<br><br>Defendants. | **CHAPTER 7 TRUSTEE'S NOTICE OF REMOVAL TO UNITED STATES BANKRUPTCY COURT OF LITIGATION PENDING IN LOS ANGELES COUNTY SUPERIOR COURT**<br><br>[No hearing required] |

**TO THE HONORABLE MAUREEN TIGHE, JUDGE OF THE UNITED STATES BANKRUPTCY COURT, AND TO ALL INTERESTED PARTIES:**

1

Pursuant to 28 U.S.C. §§ 1452(a) and 1334(b), Rule 9027 of the Federal Rules of Bankruptcy Procedure, David Seror, Chapter 7 trustee (the "Trustee") of the bankruptcy estate ("Estate") of Akhoian Enterprises, Inc. dba Mr. Rooter Plumbing ("Debtor"), hereby removes the civil action titled *Akhoian Enterprises, Inc. dba Mr. Rooter Plumbing, a California corporation; John Akhoian, an individual; and Tamar Akhoian, an individual v. First-Citizens Bank & Trust Company, a North Carolina corporation; KI, LLC, a California limited liability company; Kravitz, LLC, a Delaware limited liability company; Louis Kravitz & Associates, Inc., a California corporation; Kravitz, Inc., a California corporation; Ascensus, Inc., a Delaware corporation; and Does 1 through 10, inclusive*, Case No. 18STCV05408 ("State Court Action"), from the Superior Court of California, County of Los Angeles, where it is now pending, to the United States Bankruptcy Court, Central District of California, San Fernando Valley Division.  This Notice is supported by the facts and evidence set forth below.

1.    On January 4, 2017, the Debtor initiated the instant bankruptcy case by filing a voluntary bankruptcy petition under Chapter 7 of Title 11 of the United State Code in the United States Bankruptcy Court for the Central District of California ("Bankruptcy Case").  Thereafter, David Seror was appointed as Chapter 7 Trustee ("Trustee"), in which capacity he continues to serve.

2.    On October 11, 2018, the Trustee filed his Motion to approve a settlement ("Settlement Agreement") reached between and executed by the Trustee and non-debtors John and Tamar Akhoian ("Akhoians") [Docket No. 74] ("Compromise Motion").  The Debtor was represented by its bankruptcy counsel, David S. Hagen, with respect to negotiation of the Settlement Agreement.  No parties objected to the Compromise Motion, and it was approved by this Court pursuant to the Order entered on November 13, 2018 [Docket No. 91] ("Compromise Order").

3.    Pursuant to the Settlement Agreement,[1] among other things, the Trustee was authorized to retain and administer $160,000 of funds in a previously undisclosed account in the name of the Debtor at First-Citizens Bank that had a total balance of approximately $400,000 ("FCB

---

[1] Attached as Exhibit 1 to the Compromise Motion.

Funds"), which account the Trustee first discovered in or about March 2017, and which was turned over to the Trustee upon demand made by him on the account holder. The Trustee had maintained, after analysis of all documentation with respect thereto, that the entirety of the balance of the FCB Funds was property of the Estate; the Akhoians claimed that the entirety of the FCB Funds was non-estate retirement/profit sharing 401(k) funds for the benefit of the Akhoians. The Settlement Agreement also provided that the Trustee ultimately will retain $160,000 of the FCB Funds and an additional $25,000 in the event any of certain disputed claims to which the Debtor agreed to object[2] were allowed in whole or in part after hearings on those claims objections. The Settlement Agreement provides for the timing and conditions precedent of disbursement by the Trustee of those portions of the FCB Funds not to be retained by the Trustee and the Trustee is in compliance therewith.

    4.      On November 16, 2018, the Debtor and the Akhoians filed the Complaint ("Complaint") commencing the State Court Action. The Complaint relates to the FCB Account, and asserts claims against defendants FCB and the Akhoians' former counsel, Louis Kravitz ("Kravitz") and various entities related to Kravitz, regarding the establishment of the Debtor's retirement plan. The Complaint alleges causes of action for professional negligence against the defendants for their conduct alleged to have proximately caused the loss of the funds described hereinabove. In addition, the Complaint mischaracterizes the conduct of the Trustee and fails to fully disclose the material facts of the investigation and settlement undertaken in connection with the FCB Funds. The Trustee asserts among other things that the claims contained in the Complaint are property of this Estate and as they relate to his conduct must be adjudicated before this Court.

    5.      The Trustee asserts there are grounds for removal of the State Court Action to the Bankruptcy Court in that (a) the claims asserted in the Complaint are property of the Estate, and (b) only the Bankruptcy Court can make any determination regarding misleading and incomplete allegations in the Complaint concerning the conduct of the Trustee. 28 U.S.C. § 1452(a) permits

---

[2] Conversely, the Trustee agreed that such additional funds would be returned to the Akhoians in the event such disputed claims were disallowed in their entirety. The Debtor's Objections to claim 4 [Docket No. 81] and to claims 7, 8 and 9 [Docket Nos. 78-80] were filed on November 9, 2018 and are set for hearing on December 12, 2018.

2041824

removal of "any claim or cause of action in a civil action…to the district court for the district where such civil action is pending, if [the] district court has jurisdiction of such claim or cause of action under section 1334 of this title." 28 U.S.C. §1452(a). Under 28 U.S.C. § 1334(b), district courts have original (but not exclusive) jurisdiction over "all civil proceedings arising under title 11, or arising in or related to cases under title 11." *Id.* § 1334(b).[3]

6. Pursuant to 28 U.S.C. § 157(b), this Court has jurisdiction over "all cases under title 11 and all core proceedings arising under title 11, or arising in a case under title 11, referred under subsection (a) of this section." This Court has core jurisdiction over the State Court Action by virtue of 28 U.S.C. §§ 157(b)(2)(A), (E) because the State Court Action appears to relate to property of the Estate and conduct of the Trustee alleged to have occurred in connection with Estate property during the course of this case, and resolution of this action in the Bankruptcy Court therefore is necessary and will avoid inconsistent rulings affecting administration of the Estate.

7. Civil actions that are "related to" a case under title 11 may also be removed from the state court to federal district court by one of the parties to the litigation pursuant to § 1452(a). *Maitland v. Mitchell (In re Harris Pine Mills),* 44 F.3d 1431, 1435 (9th Cir. 1995). Should the Court find that it does not have core jurisdiction over the State Court Action, the Court has jurisdiction to hear the State Court Action under 28 U.S.C. § 157(c)(1).

8. This Court has original jurisdiction over the State Court Action because of the claims asserted therein and the Bankruptcy Case is not a civil proceeding in the U.S. Tax Court or a civil action to enforce a governmental unit's policy or regulatory power, § 1452(a) and Rule 9027 authorize removal of the State Court Action to this court. *See,* 28 U.S.C. § 1452(a); Fed.R.Bankr.Proc. 9027(a).

---

[3] Once an action is removed to the district court, it is automatically referred to the bankruptcy court pursuant to the standing orders promulgated under 28 U.S.C. § 157(a). *Frye v. Excelsior Coll. (In re Frye)*, 2009 Bankr. LEXIS 4556, at *27 (9th Cir. B.A.P. Apr. 7, 2009); *Eyecare v. S. Cal. Urrea (In re Eyecare of S. Cal.)*, 258 B.R. 765, 768 (Bankr. C.D. Cal. 2001) ("By general order the Central District of California has referred to the bankruptcy judges all matters within the scope of section 157(a). Where such an order is in effect, removal is made directly to the bankruptcy court."), police or regulatory power, § 1452(a) and Rule 9027 authorize removal of the State Court Action to this court. *See,* 28 U.S.C. § 1452(a); Fed. R. Bankr. P. 9027(a).

2041824

9. This Notice is timely pursuant to the requirements of Fed.R.Bankr.Proc. 9027(a)(3)(A) as the Trustee first received a copy of the Complaint on November 30, 2018, *i.e.* less than 30 days prior to the date of filing this Notice of Removal.

10. Copies of all process and pleadings filed in the State Court Action and the State Court docket sheet will be provided with the Report of State Court Proceedings, to be filed within 30 days of this notice pursuant to Local Bankruptcy Rule 9027-1(d)(2). Further, in accordance with Bankruptcy Rule 9027(b) and 9027(c), the Trustee will serve a copy of this Notice of Removal on all parties to the State Court Action and will file a copy of this Notice of Removal with the clerk for the Superior Court of the State of California, County of Los Angeles.

WHEREFORE, the Trustee removes the State Court Action in its entirety to the District Court, and by reference and local rules, from the District Court to the Bankruptcy Court.

Dated: December 10, 2018

BRUTZKUS GUBNER

By: _____
Richard D. Burstein
Attorneys for David Seror, Chapter 7 Trustee

5

2041824

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is:
**21650 Oxnard Street, Suite 500, Woodland Hills, CA 91367**

A true and correct copy of the foregoing document entitled: **CHAPTER 7 TRUSTEE'S NOTICE OF REMOVAL TO UNITED STATES BANKRUPTCY COURT OF LITIGATION PENDING IN LOS ANGELES COUNTY SUPERIOR COURT** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1**. **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**: Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On **December 10, 2018**, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

- Marc Andrews    bankruptcycls@wellsfargo.com
- Richard Burstein    rburstein@bg.law, ecf@bg.law
- Michael I Gottfried    mgottfried@lgbfirm.com, srichmond@lgbfirm.com;emeza@lgbfirm.com;vrichmond@lgbfirm.com
- Steven T Gubner    sgubner@bg.law, ecf@bg.law
- David S Hagen    go4broq@earthlink.net
- Rhett Johnson    rrjohnson@scif.com, rrjohnson@scif.com
- Talin Keshishian    tkeshishian@bg.law, ecf@bg.law
- Juan Salas    , nancy.letofsky@wl-llp.com
- David Seror (TR)    aquijano@bg.law, C133@ecfcbis.com
- Scott E Shapiro    scott@asattorney.com, Nick@asattorney.com
- Marcus G Tiggs    mtiggs@lawbwl.com, bribwl@gmail.com
- United States Trustee (SV)    ustpregion16.wh.ecf@usdoj.gov
- Reed S Waddell    rwaddell@frandzel.com, sking@frandzel.com

☐ Service information continued on attached page

**2. SERVED BY UNITED STATES MAIL**: On **December 10, 2018**, I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

Counsel for Akhoian Enterprises in State Court Action
Jeffrey G. Huron
Dykema Gossett LLP
333 S. Grand Avenue, Suite 2100
Los Angeles, CA  90071

Counsel for John Akhoian and Tamar Akhoian
Alan I. Nahmias
Mirman, Bubman & Nahmias, LLP
21860 Burbank Blvd., Suite 360
Woodland Hills, CA 91367-7406

☐ Service information continued on attached page

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on **December 10, 2018**, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

United States Bankruptcy Court  
Honorable Maureen A. Tighe    **Via Personal Delivery**  
21041 Burbank Blvd., Suite 324  
Woodland Hills, CA  91367

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

December 10, 2018          KRISTINA DOW                    /s/ Kristina Dow  
*Date*                    *Printed Name*                   *Signature*

This form is mandatory. It has been approved for use in the United States Bankruptcy Court for the Central District of California.

**F 9013-3.1 PROOF OF SERVICE**